## INTERCOUNTY CONSTRUCTION CORP. ET AL. *v.* WALTER, DEPUTY COMMISSIONER, BUREAU OF EMPLOYEES' COMPENSATION, U. S. DEPARTMENT OF LABOR, ET AL.

No. 74-362.   Argued April 23, 1975—Decided June 16, 1975

1

*John C. Duncan III* argued the cause and filed a brief for petitioners.

*Frank H. Easterbrook* argued the cause for respondent Walter *pro hac vice.* With him on the brief were *Solici-*

*tor General Bork* and *Marshall H. Harris. Jefferson de R. Capps* filed a brief for respondent Jones.

MR. JUSTICE REHNQUIST delivered the opinion of the Court.

Section 13 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1432, 33 U. S. C. § 913, provided: "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury." We must decide in this case whether § 22 of the same Act, as amended, 33 U. S. C. § 922, bars consideration of a claim timely filed under § 13, which has not been the subject of an order by the deputy commissioner within one year after the cessation of voluntary compensation payments.

Petitioners in the instant case are Intercounty Construction Corp., an employer, and Hartford Accident and Indemnity Co., its insurance carrier. Respondents are Noah C. A. Walter, a deputy commissioner of the Bureau of Employees' Compensation which was charged with administration of the Act,[1] and Mary Jones, an intervenor below who is the personal representative of Charles Jones, an employee claimant under the Act. Claimant was injured in 1960 while working for the employer in the District of Columbia.[2] Shortly thereafter, well within the one-year statute of limitations established by § 13 of the Act,[3] he filed a claim for total

---

[1] In 1972, this responsibility was transferred to the Office of Workmen's Compensation Programs of the Department of Labor. See 20 CFR §§ 701.101–701.103 (1973).

[2] The District of Columbia Workmen's Compensation Act incorporates by reference the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S. C. § 901 *et seq.* as amended. See D. C. Code Ann. § 36–501 (1973).

[3] Section 13 of the Act, 33 U. S. C. § 913, provided in part: "The right to compensation for disability under this chapter shall

permanent disability with the Bureau of Employees'
Compensation. The insurance carrier, admitting claim-
ant's injury in the course of employment while denying
permanent disability to the extent stated in the claim,
filed notice that it had begun payment of $54 per week,
the amount payable for total disability, in advance of an
award by the deputy commissioner.[4]

In 1965, the carrier filed notice that it was contro-
verting the pending claim on the ground, inter alia, of
extent of disability and that it was reducing claimant's
weekly compensation to $27 per week, the rate for 50%
temporary disability. In 1966 a claims examiner from
the Bureau held a hearing on the pending claim for total
permanent disability benefits but the hearing was ad-
journed without action on the claim. On January 23,
1968, the carrier stopped payment of compensation to
the claimant since its payments to claimant totaled
$17,280, its maximum liability under the Act at the time
for any condition other than permanent total disability

---

be barred unless a claim therefor is filed within one year after the
injury . . . except that if payment of compensation has been made
without an award on account of such injury . . . a claim may be
filed within one year after the date of the last payment. . . ."

Section 12 of the Act, 33 U. S. C. § 912 (1970 ed. and Supp. III),
requires the employee to give notice of injury unless the employer
has actual notice of the injury.

[4] Since the Act requires the employer to begin making the pay-
ments called for by the Act within 14 days after receiving notice of
injury without awaiting resolution of the compensation claim and
permits withholding of payments only to the extent of any dispute,
voluntary payment in advance of an actual order is common under
the Act. See § 14 of the Act, 33 U. S. C. § 914 (1970 ed. and Supp.
III). Either party may obtain resolution of a pending claim by
request under § 19 (c) of the Act, 33 U. S. C. § 919 (c), but in prac-
tice many pending claims are amicably settled through voluntary
payments without the necessity of a formal order by the deputy
commissioner.

or death. On February 11, 1970, two years after his last receipt of a voluntary payment of compensation from the carrier, claimant requested a hearing on his previously filed claim for total permanent disability. Although the claim had been pending since its timely filing in 1960, neither the carrier nor the claimant had requested action by the Bureau in the intervening 10 years to adjudicate its merits and no order or award had been entered during this period resolving it.[5]

Deputy Commissioner Walter, reversing his own initial determination that the claim was time barred under § 22 of the Act, concluded that § 22 was not applicable to this claim and entered an order awarding claimant compensation for permanent total disability. Petitioners then brought this suit under 33 U. S. C. § 921 (b) against respondent Walter to enjoin enforcement of the award. The United States District Court for the District of Columbia granted summary judgment for the petitioners, holding that § 22 of the Act barred the claim.[6] On appeal, the United States Court of Appeals for the District of Columbia Circuit reversed, holding that § 22 of the Act, applicable only to the power of the deputy commissioner to modify prior orders, erected no barrier to consideration of claims which had not been the subject of a prior order by the deputy commissioner.[7]

Because of the conflict between the holding of the Court of Appeals in this case and that of the United States Court of Appeals for the Fifth Circuit in *Strachan Shipping Co.* v. *Hollis,* 460 F. 2d 1108, cert. denied *sub nom. Lewis* v. *Strachan Shipping Co.,* 409 U. S. 887 (1972), we granted certiorari. 419 U. S. 1119 (1975).

---

[5] See n. 4, *supra.*

[6] The decision of the District Court is unreported.

[7] The decision of the Court of Appeals is reported at 163 U. S. App. D. C. 147, 500 F. 2d 815 (1974).

Section 22 of the Act, as amended, provides:

"Modification of awards

"Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner with the approval of the Secretary."

Petitioners urge, and the Fifth Circuit in *Strachan Shipping Co.* held, that this provision superimposes on the express statute of limitations contained in § 13 of the Act, providing a time period for the filing of claims, an additional limitations period requiring action by the deputy commissioner on pending claims within one year after the date of the last voluntary payment of compen-

sation where such payments have been made. In their view, since no action was taken on the pending claim in the instant case until more than one year after the claimant's last receipt of a voluntary compensation payment, the claim was time barred under § 22.

In contrast, respondents argue, and the Court of Appeals for the District of Columbia Circuit held, that § 22 is applicable only to the power of the deputy commissioner to modify prior orders and awards issued by him. In their view, it has no application to timely filed claims on which no prior action has been taken by the deputy commissioner. In this case they say that since the timely filed and still-pending 1960 claim had never been the subject of action by the Deputy Commissioner prior to the order here in issue, § 22 has no application to it.

We agree with the Court of Appeals for the District of Columbia Circuit that § 22 speaks ambiguously to the question before us. The statutory references to "new order," "new compensation order," and "the rejection of a claim," and the limitation of the granted authority to "a change in conditions or because of a mistake in a determination of fact by the deputy commissioner" support an interpretation of the section's one-year time limit as applicable only to the power of the deputy commissioner to modify previously entered orders. Such an interpretation would make the section inapplicable to the authority of the deputy commissioner to enter an initial order with respect to a claim timely filed. On the other hand, the language "whether or not a compensation order has been issued" points to the applicability of the section's one-year time limit to all previously filed claims, even though not the subject of any prior order by the deputy commissioner. *Strachan Shipping Co.* v. *Hollis,* 460 F. 2d, at 1116. This phrase might also merely mean, when read in context, that the time limit established by

this provision, applicable only to the modification of previously entered orders, runs from the date of the last voluntary payment even though the order sought to be modified is entered after receipt of the last voluntary payment. 163 U. S. App. D. C., at 150, 500 F. 2d, at 818; *Strachan Shipping Co.* v. *Hollis, supra,* at 1117 (Ainsworth, J., dissenting). These conflicting indicia are not completely reconcilable if the language in the statute is considered alone, and so we must resort to the legislative history of the provision.

Section 22 was first enacted as part of the original Longshoremen's and Harbor Workers' Compensation Act in 1927. 44 Stat. 1424–1446. As petitioners concede, the provision as originally drafted applied only to the modification of orders previously entered by the deputy commissioner:

"MODIFICATION OF AWARDS

"SEC. 22. Upon his own initiative, or upon application of any party in interest, on the ground of a change in conditions, the deputy commissioner may at any time during the term of an award and after the compensation order in respect of such award has become final, review such order in accordance with the procedure prescribed in respect of claims in section 19, and in accordance with such section issue a new compensation order which may terminate, continue, increase, or decrease such compensation. Such new order shall not affect any compensation paid under authority of the prior order." *Id.,* at 1437.

As originally adopted, § 22 provided power to the deputy commissioner to modify a prior order only "during the term of an award" and the provision was construed to constrict the power to modify a previous order to the period of payments pursuant to an award. Cf.

*F. Jarka Co.* v. *Monahan,* 29 F. 2d 741, 742 (Mass. 1928). The United States Employees' Compensation Commission (USECC), then charged with the administration of the Act, repeatedly recommended that § 22 be amended to allow continuing review of previously entered orders. 14th Ann. Rep. USECC 75 (1930); 15th Ann. Rep. USECC 77 (1931); 16th Ann. Rep. USECC 49 (1932); 17th Ann. Rep. USECC 18 (1933). See *Banks* v. *Chicago Grain Trimmers,* 390 U. S. 459, 463–465 (1968). In none of the annual reports of the USECC is there any indication that amendment of this provision was sought for any purpose other than broadening the length of time during which the deputy commissioner could exercise his power to modify previously entered orders.

In 1934 Congress responded by amending this provision to read:

"MODIFICATION OF COMPENSATION CASES

"SEC. 22. Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case in accordance with the procedure prescribed in respect of claims in section 19, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due

is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner with the approval of the commission." 48 Stat. 807.

This amendment inserted the phrase "whether or not a compensation order has been issued," the phrase upon which the petitioners' statutory claim rests, and they naturally urge that it was intended to apply the one-year time limit of § 22, formerly applicable only to the modification of previously entered orders, to all pending claims. But the legislative history does not bear out petitioners' contention.

The committee reports of both Houses of Congress accompanying this change explain it in the following language:

"[This bill] amends section 22 of the existing act so as to broaden the grounds on which a deputy commissioner can modify an award and also while strictly limiting the period, extends the time within which such modification may be made. . . .

"The amendment is in line with the recommendation of the [USECC] except that it limits to 1 year after the date of the last payment of compensation the time during which such modification may be made." S. Rep. No. 588, 73d Cong., 2d Sess., 3–4 (1934); H. R. Rep. No. 1244, 73d Cong., 2d Sess., 4 (1934).

As we similarly stated in *Banks* v. *Chicago Grain Trimmers, supra,* at 464: "The purpose of this amendment was to 'broaden the grounds on which a deputy commissioner can modify an award.' " See, *e. g., O'Keeffe* v. *Aerojet-*

*General Shipyards,* 404 U. S. 254, 255–256 (1971). There is no indication that Congress sought by this amendment to superimpose a new statute of limitations, in addition to the required period for filing provided by § 13, on all claims filed under the Act upon which payments are made. Taken in historical and statutory context, the phrase "whether or not a compensation order has been issued" is properly interpreted to mean merely that the one-year time limit imposed on the power of the deputy commissioner to modify existing orders runs from the date of final payment of compensation even if the order sought to be modified is actually entered only after such date.

Section 22 was amended in 1938 to read as it presently does. 52 Stat. 1167. The chief change was permitting the deputy commissioner to review a case "at any time prior to one year after the rejection of a claim." Such amendment would have been largely superfluous if Congress in 1934 had already extended this provision to cover claims whether or not previously disposed of by the deputy commissioner. And in fact the legislative history surrounding the 1938 amendment reveals a clear congressional understanding that § 22 applied only to modification of prior orders of the deputy commissioner. Thus, for example, the House Report accompanying the 1938 amendment stated that "[t]he purpose of this amendment is to extend to such cases the same provisions which now apply in connection with other cases *finally acted upon by the deputy commissioner.*" H. R. Rep. No. 1945, 75th Cong., 3d Sess., 9 (1938). (Emphasis added.) See also H. R. Rep. No. 1807, 74th Cong., 1st Sess., 5 (1935); S. Rep. No. 1199, 74th Cong., 1st Sess., 4 (1935); H. R. Rep. No. 2237, 74th Cong., 2d Sess., 5 (1936); S. Rep. No. 1988, 75th Cong., 3d Sess., 8–9 (1938). Regulations issued under the Act by the USECC,

12

contemporaneously with passage of the 1938 amendment, reflect an administrative understanding that § 22 governed "application[s] to the deputy commissioner for review of a compensation case for modification of an award." 20 CFR § 31.15 (1938); 20 CFR § 31.16 (1949).

The Fifth Circuit in *Strachan Shipping Co. v. Hollis, supra,* indicated its belief that the absence of a procedure for orderly conclusion of compensation cases was incompatible with a scheme of cooperation and voluntary payments by employers and insurers envisaged by the Act. 460 F. 2d, at 1116. The court below disagreed, indicating its belief that the present procedures giving a carrier the right to compel the deputy commissioner to adjudicate claims eliminate any unfairness which might result from the absence of a fixed conclusion to such cases. 163 U. S. App. D. C., at 152, 500 F. 2d, at 820. Cf. 33 U. S. C. § 919 (c); 5 U. S. C. § 706 (1); *Atlantic & Gulf Stevedores, Inc. v. Donovan,* 274 F. 2d 794 (CA5 1960). Whatever the merits of a fixed period for resolution of pending compensation claims not previously the subject of an order, Congress did not in § 22 establish such a period. The decision of the United States Court of Appeals for the District of Columbia Circuit is therefore

*Affirmed.*