August 16, 1978

## 78-95  MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Civil Service Reform Act (5 U.S.C. § 1101 *et seq.*)— Director of Office of Personnel Management

This responds to your request for this Office's opinion on the constitutionality of § 1102(a) (2) of the Senate Committee on Governmental Affairs' version of S. 2640, the Civil Service Reform bill. Section 1102(a) (2) states that the Director of the Office of Personnel Management (OPM) "may be removed by the President only for inefficiency, neglect of duty or malfeasance in office."\* This provision raises a question that we have frequently addressed in a number of different contexts. The question, stated simply, is whether an official within the Executive branch who is charged with carrying out functions of the type assigned to the Director of OPM may be in any significant way insulated from the President's direction and control.

The question here is squarely controlled by the Supreme Court's decision in *Myers* v. *United States,* 272 U.S. 52 (1926). That case stands for the proposition that officials within the Executive branch who perform primarily executive functions must be removable at the will of the President if the President is to perform his constitutional function "faithfully to execute the laws." While it is true that officials who perform quasi-legislative or quasi-judicial functions may properly be insulated from removal (*see, Humphrey's Executor* v. *United States,* 295 U.S. 602 (1935); *Wiener* v. *United States,* 357 U.S. 349 (1958)), the President's removal power must not be constricted where he is dealing with those who are assigned clearly executive functions. The catalogue of responsibilities of the OPM Director set forth in § 1103 of the bill constitutes a rather complete description of functions which may only be characterized as executive in nature. Among his responsibilities, for instance, is the duty to aid the President in preparing rules for the civil service and in providing him with advice on "actions which may be taken to promote an

---

\*See S. Rep. No. 95-969, at 25. It should be noted that the language does not appear in the bill as enacted. *See* Pub. L. No. 95-454, 92 Stat. 1119, 5 U.S.C. § 1102.

efficient civil service." In § 1103(a) (1) he is also directly charged with "executing, administering, and enforcing" civil service rules and regulations. By their terms, these functions can only be regarded as executive in nature. As the Court made clear in its recent decision in *Buckley* v. *Valeo,* 422 U.S. 1, 138 (1976), the enforcement of the laws is a function vested in the President. Given the case law, we think there is no satisfactory basis on which to contend that the President's necessary removal power can be circumscribed in the manner contemplated by § 1102(a) (2) of this bill.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

414