**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 92-4077

_____

INGALLS SHIPBUILDING, INC.,

Petitioner,

versus

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, U.S.
DEPARMENT OF LABOR, and
ROBERT L. BAKER,

Respondents.

CONSOLIDATED WITH

_____

No. 92-4078

_____

INGALLS SHIPBUILDING, INC.,

Petitioner,

versus

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR and
TIMOTHY BUCKLEY,

Respondents.

_____

On Petitions for Review of an Order
of the Benefits Review Board
(BRB #90 1756 (OWCP #6 109791) & 90-2049)

_____

( April 6, 1993 )

Before POLITZ, Chief Judge, GARWOOD and DAVIS, Circuit Judges.

POLITZ, Chief Judge:[*]

In these consolidated proceedings, Ingalls Shipbuilding, Inc. petitions for review of orders of the Benefits Review Board affirming administrative law judge awards of medical expenses and attorney's fees to Robert L. Baker and Timothy Buckley. We grant review and affirm in part, vacate in part, and remand.

## Background

Baker and Buckley, former Ingalls employees, filed claims for hearing loss under the Longshore and Harbor Workers' Compensation Act[1] (LHWCA or Act). Baker's claim was based on a test by audiologist James Wold who found impairment that might have entitled Baker to disability compensation. Baker, however, was re-examined at Ingall's request by Jim McDill, an audiologist, and Philip Gilchrist, an otolaryngologist.[2] McDill and Gilchrist found mild bilateral high frequency sensorineural hearing loss of work-related origin but no functional impairment as defined by the

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1]    33 U.S.C. § 901 *et seq*.

[2]    An audiologist is a hearing specialist. An otolaryngologist is a medical doctor, specializing in disorders of the ear, nose, and throat.

American Medical Association Guides. Crediting the McDill-Gilchrist findings, the ALJ denied disability compensation but ordered Ingalls to pay medical expenses, past and future, including the cost of future hearing examinations. Because Baker prevailed on his claim for medical expenses the ALJ awarded attorney's fees.

Buckley's claim was precipitated by an in-house audiogram, which found some hearing loss. An examination at Ingalls' request by McDill and otolaryngologist John Lingo found moderate bilateral high frequency sensorineural hearing loss of work-related origin but no functional impairment. The ALJ denied disability compensation but awarded Buckley future medical expenses and attorney's fees.

Ingalls appealed both decisions to the Benefits Review Board, which affirmed. It timely petitioned this court for review and the two cases were consolidated.

## Analysis

Our review of Board decisions is limited. We inquire only whether the Board "correctly concluded that the ALJ's order was supported by substantial evidence on the record as a whole and is in accordance with the law."[3] Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a

---

[3] **Avondale Industries, Inc. v. Director, Office of Workers' Compensation Programs**, 977 F.2d 186, 189 (5th Cir. 1992) (internal quotation omitted).

conclusion."[4] In our review we typically defer to the ALJ's credibility choices between conflicting witnesses and evidence. Applying this standard, we reject Ingalls' challenge to the ALJ's application of the law but conclude that the awards of medical expenses are unsupported by the evidence, with the exceptions noted herein.

Ingalls contends that the claimants are not entitled to medical expenses because the ALJ found that they lacked an impairment as defined by section 8(c)(13) of the LHWCA. Added to the Act in 1984, section 8(c)(13)(E) provides, "[d]eterminations of loss of hearing shall be made in accordance with the guides for the evaluation of permanent impairment as promulgated and modified from time to time by the American Medical Association."[5] According to the reports credited by the ALJ, neither Baker nor Buckley suffered hearing loss severe enough to constitute an impairment under the AMA Guides. As the ALJ held -- no impairment means no disability compensation. Ingalls contends that it also means no medical benefits. We do not agree.

Congress inserted the provision requiring use of the AMA Guides to measure hearing loss in section 8 of the LHWCA. Section 8 addresses disability compensation. Medical benefits are covered by section 7, which entitles a claimant to reasonable and

---

[4] **Id.**, quoting **NLRB v. Columbian Enameling & Stamping Co., Inc.**, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939) (internal quotations omitted).

[5] 33 U.S.C. § 908(c)(13)(E).

necessary medical services if he suffers a work-related injury.[6] Section 2(2) defines "injury" as "accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury . . . ."[7] Courts have long construed this definition to mean "something go[ne] wrong with the human frame."[8] Had Congress intended to limit hearing loss injuries for which medical benefits were available to those satisfying the AMA Guides for permanent impairment, it would have so stated either in the definitions or section 7, the medical benefits section. Rather, it inserted the AMA Guides in section 8. By so doing, it obviously intended an application only to claims governed by section 8, i.e., claims for disability compensation. We so hold.

Ingalls' evidentiary objection, however, is well taken. Buckley presented no evidence of medical expenses incurred in the past nor of medical treatment necessary in the future. He merely

---

[6]    33 U.S.C. § 907; **Dupre v. Cape Romain Contractors**, 23 BRBS 86, 1989 WL 245257 (Ben.Rev.Bd. Nov. 29, 1989). Medical benefits can take the form of services provided at the employer's expense or monies paid by the employer to the employee in reimbursement for medical expenses incurred. **Lazarus v. Chevron USA, Inc.**, 958 F.2d 1297 (5th Cir. 1992).

[7]    33 U.S.C. § 902(2).

[8]    **Wheatley v. Adler**, 407 F.2d 307, 311 n.6 (D.C. Cir. 1968) (en banc); see **Romeike v. Kaiser Shipyards**, 22 BRBS 57, 1989 WL 245309 (Ben.Rev.Bd. Feb. 24, 1989) (distinguishing between injury and impairment); **Crawford v. Director, OWCP**, 932 F.2d 152 (2d Cir. 1991) (same).

points out that he asked to see a specialist of his choice for testing; however, he did not provide evidence that he had visited a specialist and thereby incurred recoverable expenses.[9] Accordingly, there is no evidentiary basis for the ALJ's award of medical benefits and the award of same is vacated.[10] The parties agree that claims for medical benefits do not prescribe.[11] Buckley may file a claim for medical benefits if and when medical treatment becomes necessary.

Attorney's fees are payable under section 28(a) of the Act only if claimant's attorney successfully prosecutes a claim.[12] Today's decision nullifies the only heretofore successful element of Buckley's claim. The award of attorney's fees, therefore, must be vacated.

Baker presented no evidence of medical expenses incurred except for his initial evaluation by Wold. His only evidence of

---

[9]    Buckley need be mindful that if he visits a specialist for testing now, to obtain reimbursement he must justify the need for testing in the wake of the McDill-Lingo test.

[10]    Cf. **Simeon v. T. Smith & Son, Inc.**, 852 F.2d 1421 (5th Cir. 1988) (remittitur of $30,000 jury award for future medical expenses ordered on appeal where only record evidence regarding future medical expenses was testimony that plaintiff might need a $10,000 operation), cert. denied, 490 U.S. 1106 (1989).

[11]    **Strachan Shipping Co. v. Hollis**, 460 F.2d 1108 (5th Cir.), cert. denied, 409 U.S. 887 (1972), overruled on other grounds, **Intercounty Construction Corp. v. Walter**, 422 U.S. 1, 95 S.Ct. 2016, 44 L.Ed.2d 643 (1975); **Mayfield v. Atlantic & Gulf Stevedores**, 16 BRBS 228 (Ben.Rev.Bd. May 15, 1984).

[12]    33 U.S.C. § 928(a).

potential future medical expenses was Wold's report, which recommended hearing re-evaluations at least annually and advised that Baker was "a candidate for amplification." Gilchrist's report, however, stated that a hearing aid would not help. We cannot discern with assurance from the ALJ's order which portions, if any, of the Wold report he credited. Accordingly, we must vacate the award of medical benefits except insofar as it requires Ingalls to reimburse Baker for Wold's evaluation. Further, we must remand for proper findings on the existing record about which future medical services are reasonably necessary.[13]

We find no specific award of attorney's fees for Baker's claim in the record. On remand a fee award tailored to his limited success should be set.[14]

The petitions for review are GRANTED. The order of the Benefits Review Board in Buckley's case is VACATED. The order of the Benefits Review Board in Baker's case is AFFIRMED in part, VACATED in part, and REMANDED.

---

[13]    Cf. **Romeike**, supra (testimony of two physicians that monitoring of work-related condition is necessary establishes a *prima facie* case for compensable medical treatment); **Lazarus v. Chevron**, supra (to make an award of future medical expenses enforceable, the ALJ should describe the expenses which qualify).

[14]    **Farrar v. Hobby**, 506 U.S. _____, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); **Hensley v. Eckerhart**, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); **George Hyman Const. Co. v. Brooks**, 963 F.2d 1532 (D.C. Cir. 1992).