AVEMCO v. J. Lawrence Pond          CV-94-073-B    09/20/94

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


AVEMCO Insurance Company

    v.                                    Civil No. 94-073-B

J. Lawrence Pond, et al.


**O R D E R**

AVEMCO Insurance Company seeks a declaratory judgment that it not be obligated to defend or indemnify its insureds for any liability in connection with an airplane accident in which two persons were killed.  Two of the insureds, Nathan Pond and William Batesole, move to dismiss on ripeness grounds because they have not yet been sued.  Because I conclude that the petition presents an actual controversy between the parties that is sufficiently immediate to warrant declaratory relief, I deny their motion.

**FACTS**

AVEMCO issued a noncommercial aircraft policy to J. Lawrence Pond and Nathan Pond with a policy period commencing on February 2, 1990 and running through February 2, 1994.  The policy insured the Ponds and pilots using the Ponds' aircraft who met certain

minimum qualifications.

During an air show on January 24, 1993 in Lebanon, New Hampshire, an accident occurred in which Scott Pond and Mary Jane McGrath were killed. Although no lawsuits have been filed, representatives of the estates for both victims have sent demand letters to the insureds. All conceivable claims that could be asserted against the insureds by Scott Pond's estate have been settled. However, settlement discussions have not yet been successful with representatives of McGrath's estate.

AVEMCO declined to cover its insureds and brought this declaratory judgment action to obtain a determination of its non-liability.

## DISCUSSION[1]

The Federal Declaratory Judgment Act authorizes federal courts to declare the legal rights and obligations of adverse litigants in certain situations, 28 U.S.C.A. § 2201 (West 1994).

---

[1]An allegation that a complaint is not ripe challenges the court's subject matter jurisdiction. Since defendants base their challenge on the petition's alleged insufficiency, I accept the truth of the pleaded facts and construe them in the light most favorable to the plaintiff. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (1st Cir. 1990); see also Warth v. Selden, 422 U.S. 490, 501 (1975) (applying the same standard in a motion to dismiss for lack of standing).

Both the text of the Act and the requirements of Article III, however, limit a federal court's authority to enter declaratory judgments to cases involving "actual controversies." See Alabama Federation of Labor v. McAdory, 325 U.S. 450, 461 (1945). The Supreme Court outlined the test that courts must use to determine the existence of an actual controversy in Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-42, reh'g denied, 300 U.S. 687 (1937). The Court stated:

> A "controversy" . . . must be one that is appropriate for judicial determination. . . . The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion of advising what the law would be upon a hypothetical state of facts.

Id. at 240-41 (citations omitted).

The Court subsequently distinguished non-justiciable abstract questions from actual controversies by stating:

> [T]he question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941); see also Aetna Life Ins. Co., 300 U.S. at 239-41. Accordingly, the "disagreement [between the litigants] must not

3

be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Public Serv. Comm'n v. Wycoff Co., Inc., 344 U.S. 237, 244 (1952); see also State of Rhode Island v. Narragansett Indian Tribe, 19 F.3d 685, 693 (1st Cir. 1994).

While I acknowledge that a declaratory judgment action to determine the scope of liability insurance coverage ordinarily will not be ripe until the underlying action is filed, I do not agree with defendants that this must always be so. AVEMCO's amended petition alleges that McGrath's estate has made a demand against the defendants which the estate intends to pursue unless a settlement can be reached before suit is filed. If the parties ignore that demand, they may well lose an important opportunity to settle a potentially costly claim at a discount. Moreover, the matter has an immediate impact on AVEMCO because the near certain prospect that its insureds will be sued will require AVEMCO to maintain reserves against the possibility that it might be ordered to defend and indemnify the defendants. Finally, this is not a case where the facts on which AVEMCO's coverage obligation depends will remain murky until suit is filed in the

4

underlying action. Thus, this case presents a real, immediate and concrete controversy among true adversaries which is ripe for resolution.

## CONCLUSION

Defendant's motion to dismiss (document no. 19) is denied.


SO ORDERED.


_____
Paul Barbadoro
United States District Judge

September 20, 1994

cc:　Andrew D. Dunn, Esq.
　　 James R. Muirhead, Esq.
　　 Jeffrey S. Cohen, Esq.
　　 Garry R. Lane, Esq.
　　 Michael G. Gfroerer, Esq.
　　 David B. Kaplan, Esq.