Haas v. Grafton County Jail          CV-94-385-M    11/07/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Joseph Haas

    v.                                              Civil No. 94-385-M

Grafton County Jail


O R D E R


On July 20, 1994, Joseph S. Haas petitioned for a writ of habeas corpus, pursuant to 28 U.S.C.A. § 2254, challenging his conviction and sentence for criminal contempt in Grafton County (New Hampshire) Superior Court.  Haas argued that his contempt conviction violated his federal constitutional rights because he was denied a trial by jury.  His petition was initially dismissed for failure to exhaust available state remedies, but was reinstated when he filed a motion apparently showing that exhaustion was complete.  Grafton County has responded.  Although it appears that Haas is not entitled to federal habeas relief under the facts pled, he is granted thirty days from the date of this order to respond to the deficiencies in his petition described below.

Following preliminary review of Haas's petition for habeas relief, the Magistrate Judge granted him an opportunity to amend

his petition to clarify whether he had exhausted his state remedies as required by 28 U.S.C.A. § 2254.  Haas responded on August 2, 1994, that he was waiting for the New Hampshire Supreme Court to act on his motion to reconsider its denial of his appeal of his conviction of criminal contempt.[1]  As a result, the Magistrate Judge determined that Haas did not meet the exhaustion requirement and recommended that his petition be denied.  The petition was dismissed on October 6, 1994.

On March 17, 1995, however, Haas filed a "Motion to Entertain Petition" in which he alleged that he had exhausted state remedies.  He also alleged that he would begin to serve the remainder of his sentence for contempt beginning on March 27, 1995.  The Magistrate Judge determined that Haas then met the statutory requirements to petition for habeas corpus relief, and ordered a response from the Grafton County House of Correction.  See Order dated March 23, 1995.  Following an excused default, Grafton County filed its answer to Haas's petition on June 23,

---

[1]  Haas filed materials with his "Amendment" which show that he was charged with criminal contempt and demanded a jury trial. The Grafton County Superior Court determined that the maximum imposable punishment would not exceed six months imprisonment, so a jury trial was not constitutionally required.  Following a bench trial, Haas was sentenced on January 31, 1994, to imprisonment for five months and twenty-nine days and a $1,000 fine.  He filed an appeal with the New Hampshire Supreme Court, which was denied, and then he moved to reconsider.

1995.  On July 10, 1995, a pretrial conference was scheduled to be held before the Magistrate Judge on August 1, 1995, but that conference was subsequently cancelled.

Both the Magistrate Judge and the respondent, Grafton County, interpreted Haas's petition for habeas relief to assert a constitutional right to a jury trial on the charge of indirect criminal contempt.  If that is Haas's claim, it is insufficient on its face to support his habeas petition.

The Sixth Amendment[2] does not require a jury trial for petty criminal offenses, which are defined to include those with penalties of less than six months imprisonment and fines that do not impose serious sanctions.  See, e.g. Lewis v. United States, 116 S. Ct. 2163, 2166-67 (1996); International Union, UMWA v. Bagwell, 114 S. Ct. 2552, 2562 n.5 (1994); Blanton v. City of North Las Vegas, Nev., 489 U.S. 538, 541-44 (1989); Muniz v. Hoffman, 422 U.S. 454, 475-77 (1975); see also State v. Martina, 135 N.H. 111 (1991) (discussing criminal contempt under New Hampshire law).  Generally, offenses punishable by fines of less than $5,000 are considered to be petty offenses.  See

---

[2]  The right to jury trial is protected by the Sixth Amendment, applied to the states through the Fourteenth Amendment.  See Duncan v. Louisiana, 391 U.S. 145, 148 (1968).

<u>International Union</u>, 114 S. Ct. at 2562 n.5; <u>Blanton</u>, 489 U.S. at 544-45.

As the length of Haas's sentence was limited before trial to less than six months imprisonment and the sentence he received was less than six months plus a $1,000 fine, he was convicted of a petty offense which did not require a jury trial. Accordingly, Haas is not entitled to habeas relief based on a claimed deprivation of his Sixth Amendment right to trial by jury. Because Haas's petition is not entirely clear, however, he is hereby granted thirty (30) days from the date of this order to amend his petition, if he so chooses, to assert a cognizable basis for habeas relief or to make clear what other basis he intended to advance that the court has not recognized.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

**November 7, 1996**

cc:  Joseph Sanders Haas, Jr.
     Wayne P. Coull, Esq.

4