United States Court of Appeals,

Eleventh Circuit.

No. 97-6500.

Curtis J. PLEASANT-EL, Plaintiff-Appellee,

v.

OIL RECOVERY COMPANY, INC., Aetna Insurance Company, Defendants-Appellants.

Aug. 6, 1998.

Appeal from the United States District Court for the Southern District of Alabama. (No. 97-MC-10-RV-M), Richard W. Vollmer, Jr., Judge.

Before DUBINA and MARCUS, Circuit Judges, and HILL, Senior Circuit Judge.

DUBINA, Circuit Judge:

Appellants, Oil Recovery Company, Inc. ("employer") and its insurance carrier, Aetna Insurance Company ("Aetna") (collectively "Defendants"), appeal the entry of a default judgment, which held them liable for a penalty for late payment of compensation due under the Longshore and Harbor Workers Compensation Act ("LHWCA") 33 U.S.C. §§ 901-950.

## I. BACKGROUND FACTS

The Appellee, Curtis Pleasant-El ("Pleasant"), and his employer reached a private settlement on Pleasant's claims for benefits under the LHWCA. On June 19, 1995, an administrative law judge ("ALJ") signed an order approving the settlement.[1] On June 30, pursuant to the governing regulations, the district director filed the order and sent copies by certified mail to the parties. 20 C.F.R. § 702.349 (1997).

The employer's lawyer received the order on July 6, 1995, and on July 14, full payment of

---

[1]When parties reach a settlement for claims under the LHWCA, the ALJ must approve the settlement unless it is found to be inadequate or procured by duress. *See* 33 U.S.C. § 908(i).

the compensation order was hand delivered to Pleasant's lawyer. The LHWCA provides that payment of compensation due under an award of compensation must be made within ten days of the filing of the order, or the employer will be assessed a 20% penalty. 33 U.S.C. § 914(f). Pleasant asked the Department of Labor to issue a supplemental order assessing the 20% penalty, and, over the employer's objections, the district director issued the supplemental order requiring the employer to pay an additional $12,000. *See* 33 U.S.C. § 918(a) (providing for supplementary order declaring amount of default after investigation, notice, and hearing).

Pleasant then filed a petition for enforcement of this order in federal district court. *See* 33 U.S.C. § 918(a). The district court summarily entered a default judgment before the employer's answer to the petition could be received or considered. The Defendants sought to have the default judgment vacated under Fed.R.Civ.P. 59. Finding that the supplemental award had been entered in accordance with § 918(a), the district court denied the Defendants' motion to vacate. The Defendants then perfected this appeal.

## II. ISSUES

The primary issue presented by this appeal is whether the ten days allowed under 33 U.S.C. § 914(f) for payment of a compensation order are ten business days or ten calendar days. In addition, Defendants raise a flurry of constitutional challenges to the standards and procedures employed in imposing and enforcing the penalty for late payment. They argue that interpreting the statute to require payment within ten calendar days violates the Due Process and Equal Protection Clauses to the Fifth Amendment; that imposing a penalty under the facts of this case violates their due process rights; that the manner in which the judgment was enforced violates their due process rights; and that § 914(f) violates the Eighth Amendment prohibition of cruel and unusual punishment.

## III. STANDARD OF REVIEW

Review of the judgment entered by the district court on Pleasant's petition for enforcement of the supplementary compensation order is the same as in civil suits for damages at common law. *See* 33 U.S.C. § 918(a). This appeal presents questions of law only, and thus the court's review is *de novo. See United States v. Garrett,* 3 F.3d 390 (11th Cir.1993)(challenge to the constitutionality of a statute is a question of law subject to *de novo* review).

## IV. ANALYSIS

The LHWCA provides that "[i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof...." 33 U.S.C. § 914(f). The Defendants' primary argument on appeal is that the ten day period of § 914(f) should be calculated under Rule 6(a) of the Federal Rules of Civil Procedure, pursuant to which intermediate weekend days and holidays are excluded. Under this method of counting, the Defendants' payment would have been timely. By reference to various constitutional provisions, the Defendants also argue that to hold otherwise, especially under the circumstances of this case, would be unfair and contrary to law. Significantly, the Defendants do not contend that the procedures employed in this case failed to give them timely notice of their obligation to pay the compensation award.

A. *The Scope of A District Court's Review of a Supplemental Order Under § 918(a).*

The district court refused to consider the Defendants' challenges to the legitimacy of the supplemental order. The LHWCA provides that when a claimant files with the court a supplemental order, declaring the amount of default and the consequent penalty, the court shall "enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with the law." 33 U.S.C. § 918(a). The district court construed this as a narrow grant

of authority to review the supplemental order merely to ensure that it complied with the requirements of § 918(a). We disagree. It is certainly true that when enforcing defaulted payments under § 918(a), a district court lacks authority to consider the validity of the underlying compensation order. *See Schmit v. ITT Federal Elec. Int'l,* 986 F.2d 1103, 1106 (7th Cir.1993); *Abbott v. Louisiana Ins. Guar. Ass'n* (*In re Compensation Under the Longshore and Harbor Workers' Compensation Act*), 889 F.2d 626, 630 (5th Cir.1989). However, here, the Defendants' challenges pertain exclusively to the imposition and enforcement of the supplemental order, and § 918(a) gives the district court a general grant of authority to determine whether that order is lawful.

B. *Constitutional Challenges*

As noted above, the Defendants have raised a number of constitutional concerns with § 914(f) on its face and as applied to them. We are precluded from considering these arguments. Title 28 U.S.C. § 2403(a) states in pertinent part as follows:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

Because there has been no certification as required by 28 U.S.C. § 2403(a), we must remand this case to the district court to give the proper notice to the Attorney General and to rule on the Defendants' constitutional challenges to the penalty.

C. *Statutory Analysis of § 914(f)*

The Second and Fourth Circuits, as well as the Benefits Review Board, have held that § 914(f) requires payment within ten calendar days. *Burgo v. General Dynamics Corp.,* 122 F.3d 140 (2nd Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 1839, 140 L.Ed.2d 1089 (1998); *Reid v. Universal Maritime Serv. Corp.,* 41 F.3d 200 (4th Cir.1994); *Irwin v. Navy Resale Exchange,* 29

Ben. Rev. Bd. Serv. 77 (1995). Among the Courts of Appeals, only the Fifth Circuit has held that the ten day period should be ten business days, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. *Quave v. Progress Marine,* 912 F.2d 798 (5th Cir.1990).

As its starting point, the Fifth Circuit noted that the Federal Rules of Civil Procedure apply to proceedings for enforcement or review of compensation orders under § 918 except to the extent that matters of procedure are provided for in the LHWCA. *Id.* at 800 (citing Fed.R.Civ.P. 81(a)(6)). Although § 914 is not specifically mentioned in Rule 81, the *Quave* court reasoned that an order making a § 914(f) assessment is a "supplementary order declaring the amount of the default within the meaning of Section [918(a) ] of the LHWCA." *Id.* (internal quotations and citations omitted). The Fifth Circuit therefore concluded that the Federal Rules of Civil Procedure, including the Rule 6(a) method of computing time, should be applied to § 914(f), because that provision governs the circumstances under which a default order should be issued.

The Fourth Circuit dismissed the Fifth Circuit's rationale as "tortuous." *Reid,* 41 F.3d at 202. The Fourth Circuit found that the meaning of "ten days" was plain on its face: "[T]he statute means what it says—that ten days is ten twenty-four hour periods as a day is commonly understood." *Id.* at 201. The *Reid* court reasoned that Rule 81(a)(6) does not mention § 914, because the sections that are enumerated in Rule 81, 33 U.S.C. §§ 918 and 921, both require agencies to conduct quasi-judicial proceedings for collecting defaulted payments and reviewing compensation orders. *Id.* at 202. In contrast, § 914(f) is substantive, not procedural, and therefore requires a § 918 proceeding to give it effect. *Id.* Because it is not a "proceeding for enforcement or review of compensation orders," there is no authority, nor any need, for the Federal Rules of Civil Procedure to apply to § 914. *Id.* (quoting Fed.R.Civ.P. 81(a)(6)).

In concluding that § 914(f) requires payment of compensation awards within ten calendar

days, the Second Circuit in *Burgo* and the Benefits Review Board in *Irwin* followed *Reid*'s analysis and rejected *Quave*'s. We, too, agree with the analysis in *Reid* and hold that when § 914(f) says that a compensation award must be paid within ten days, it means ten calendar days. In rejecting Defendants' suggestion that Fed.R.Civ.P. 6(a) should be employed to exclude weekend days and holidays, we are not merely relying on the plain meaning of § 914(f), but also on the plain meaning of Fed.R.Civ.P. 81(a)(6), which does not include § 914 among the sections of the LHWCA to which the Federal Rules of Civil Procedure apply.

The Defendants argue that because § 914(f) is a penalty statute, we should construe it narrowly. "The law is settled that penal statutes are to be construed strictly, and that one is not to be subject to a penalty unless the words of the statute plainly impose it." *Commissioner v. Acker,* 361 U.S. 87, 91, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959)(internal citations and quotations omitted). Because we interpret § 914(f) according to its plain meaning, we are abiding by this principle. Implicit in the Defendants' arguments is a complaint that the result we reach is unfairly harsh. We cannot be persuaded to disregard the plain meaning of § 914(f) by appeals to equity. However, to the extent that policy considerations inform our statutory analysis, we find that our result is consistent with the goals of the LHWCA. The LHWCA demonstrates a legislative intention to encourage employers to pay compensation under the Act without resort to formal adversarial proceedings. *Strachan Shipping Co. v. Hollis,* 460 F.2d 1108, 1115 (5th Cir.), *cert. denied,* 409 U.S. 887, 93 S.Ct. 114, 34 L.Ed.2d 144 (1972), *overruled on other grounds, Intercounty Construction Corp. v. Walter,* 422 U.S. 1, 95 S.Ct. 2016, 44 L.Ed.2d 643 (1975); *see also* 33 U.S.C. § 914(a) (where employer does not controvert its liability to pay compensation under the LHWCA compensation is to be promptly paid without any award being entered). Thus, where it has become necessary to submit a dispute under the LHWCA to formal adjudication, it is rational and consistent

with the policies of the LHWCA to require punctiliously prompt payment of the compensation awarded.

In conclusion, we agree with the Second and Fourth Circuits and the Benefits Review Board that ten days means ten days, and therefore we hold that the Defendants' payment was untimely under § 914(f). However, we must remand the case for the district court to comply with 28 U.S.C. § 2403(a), before deciding the Defendants' constitutional challenges.

AFFIRMED in part and REMANDED.

HILL, Senior Circuit Judge, concurring:

I concur in the judgment.

I agree with the explanation for the judgment except that the opinion appears to conclude that the ten-day period at issue is not "unduly harsh." I doubt that it is my business to evaluate the harshness, or lack thereof, of Acts of Congress. Were it so, I should agree with appellant that the limitation here may produce more "gotchas" than deserved penalties for stubborn delay.

But this is the business of the Congress. If the time for payment ought to be more realistic than ten periods of twenty-four hours each, the legislative branch can fix it.