**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VIRGINIA INTERNATIONAL TERMINALS,
INCORPORATED,
Petitioner,

v.

MELVIN MOORE; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

No. 96-2312

On Petition for Review of an Order
of the Benefits Review Board.
(95-775)

Argued: October 30, 1997

Decided: July 29, 1999

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** F. Nash Bilisoly, IV, VANDEVENTER, BLACK, MER-
EDITH & MARTIN, L.L.P., Norfolk, Virginia, for Petitioner. John
Harlow Klein, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia,
for Respondents. **ON BRIEF:** Kelly O. Stokes, VANDEVENTER,
BLACK, MEREDITH & MARTIN, L.L.P., Norfolk, Virginia, for

Petitioner. Matthew H. Kraft, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Virginia International Terminals, Incorporated (VIT) petitions for review of a final order of the Benefits Review Board (BRB) awarding benefits to Moore under the Longshore and Harbor Workers' Compensation Act (LHWCA), see 33 U.S.C.A. §§ 901-50 (West 1986 & Supp. 1999), claiming that Moore's request for benefits is barred by the applicable statute of limitations. We reverse.

I.

On November 10, 1986, during the course of his employment with VIT, Moore fell from a vehicle he was operating and fractured both of his wrists. Following the accident, Moore received temporary total and temporary partial disability benefits for various periods. Moore also received permanent partial disability benefits for 109.2 weeks for a scheduled loss of 35% of his upper extremities. The last of these payments was made to Moore on September 4, 1990. Moore attempted to return to his work with VIT, but found himself unable to perform his prior duties.

Moore did not file a formal claim for additional LHWCA benefits within one year of the final disability payment; however, medical records from his treating physician were filed within the one-year period. Thereafter, Moore sought temporary total disability benefits under the LHWCA. After conducting an evidentiary hearing, an administrative law judge held that Moore's claim was timely, that Moore had established a prima facie case of total disability, and that

2

VIT had failed to meet its burden of showing the existence of suitable alternative employment realistically available to Moore. VIT timely appealed this decision to the BRB, and by operation of law the BRB is deemed to have affirmed that decision without order on September 12, 1996. VIT now petitions this court for review.

II.

Section 22 of the LHWCA governs modifications of existing compensation orders. It provides:

> Upon his own initiative, or upon the application of any party in interest ... on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, <u>at any time prior to one year after the date of the last payment of compensation</u>, ... review a compensation case ... in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

33 U.S.C.A. § 922 (emphasis added). Section 22 places a one-year statute of limitations on the power of the deputy commissioner to review an existing compensation order. <u>See Intercounty Constr. Corp. v. Walter</u>, 422 U.S. 1, 10-11 (1975); <u>I.T.O. Corp. of Va. v. Pettus</u>, 73 F.3d 523, 526 (4th Cir. 1996). Moore last received payment on September 4, 1990; therefore, in order to be timely, his request for modification would have to have been made within one year of that date. It is undisputed that the only arguable "filing" made prior to that date was that of a treating physician forwarding copies of Moore's medical records.

Our decision concerning whether these medical records were adequate to constitute a timely request for modification is controlled by our decision in <u>Pettus</u>. In <u>Pettus</u>, a LHWCA claimant's attorney had sent two letters within the one-year period advising that claimant was demanding "`any and all benefits'" that might be due the claimant pursuant to the LHWCA. <u>Pettus</u>, 73 F.3d at 527. We held these letters

3

were not adequate to constitute a request for modification of benefits, reasoning:

> A request for modification constitutes the commencement of review only if it is sufficient to initiate the process required under § 922, a process whose next step must occur within ten days of claimant's request for modification. While a claimant's application for modification need not meet any particular form, there must be some basis for a reasonable person to conclude that a modification request has been made.

> Here, Pettus' letters were too sparse to meet even this most lenient of standards. They made no reference to any change in claimant's condition, to a mistake of fact in the earlier order, to additional evidence concerning claimant's disability, to dissatisfaction with the earlier order, or to anything that would alert a reasonable person that the earlier compensation award might warrant modification. The letters thus failed to indicate any actual intention on the part of the claimant to seek compensation for a particular loss, a factor that is critical in assessing their sufficiency.

Id. Our conclusion in Pettus that even letters requesting benefits to which a claimant is due may be inadequate to begin the review process if they are insufficient to put a reasonable person on notice that review is sought dictates a determination that the medical records here, unaccompanied by any request for review, are insufficient.

Because Moore failed to request a modification of benefits within the one-year period following September 4, 1990, we conclude that his subsequent request was untimely.* Therefore, we grant the petition for review and reverse the decision of the BRB.

REVERSED
_____

*Although the parties assume that the present situation is governed by § 922 applicable to modifications of existing orders, we note that our analysis would be the same if the standards applicable to requests for benefits were at issue. See 33 U.S.C.A. § 913(a); Pettus, 73 F.3d at 528 n.3.

4