WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,
Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

and

Eunice Wise, Claimant/Intervenor.

No. 02–AA–223.

District of Columbia Court of Appeals.

Argued April 10, 2003.

Decided May 29, 2003.

Eugene I. Kane, Jr., Bethesda MD, with whom Cheryl C. Burke and Robert J. Kniaz, were on the brief for petitioner.

Arabella W. Teal, Interim Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Allen J. Lowe, Washington, DC, for claimant/intervenor.

Before REID and WASHINGTON, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

This appeal arises out of a claim for workers' compensation benefits filed by Eunice B. Wise (claimant) pursuant to the provisions of the District of Columbia Workers' Compensation Act of 1979, as amended, D.C.Code §§ 32–1501 through 32–1545 (2001) (formerly §§ 36–301 *et seq.*) (the Compensation Act). The Washington Metropolitan Area Transit Authority (WMATA or employer) appeals from an adverse final order of the Department of Employment Services (DOES or Director) declaring claimant eligible to receive workers' compensation. WMATA contends that claimant has earlier received compensation pursuant to Maryland law, and is thereby ineligible to file a claim in the District of Columbia. Being unpersuaded by this contention, we affirm.

## I.

Claimant was a Red Line train operator for WMATA. To commence her work day, claimant reported to work at Shady Grove, Maryland, one of the terminal stations for the Red Line. She spent a brief period of time there checking the train. She spent the rest of her work time operating the train. On March 31, 1999, while operating a Red Line subway train, claimant hurt her left neck and shoulder while the train was stopped in the Fort Totten station in the District of Columbia. The injury eventually required her to undergo a cervical laminectomy.

Later that day, claimant informed her supervisor of her injury and told him that it happened at the Fort Totten station. WMATA filed two "Employer's First Report of Injury or Illness" (EFR) with the Maryland Workers' Compensation Commission (MWCC). Claimant never received copies of these EFRs, nor did employer inform her that it was filing the forms with MWCC. A claims adjuster, on behalf of WMATA, issued checks to claimant as payment of temporary total disability benefits, and claimant cashed them. Neither the forms claimant filed with employer, nor the checks employer sent to claimant indicated that a claim was being processed under Maryland law. Employer's representative did not inform claimant that the claim was deemed a Maryland claim.

Claimant filed a Notice of Accidental Injury or Occupational Disease (Form 7) and a Employee's Claim Application (Form 7A) with the District of Columbia Office of Workers' Compensation (D.C.OWC) on June 25, 1999. Both of these forms list only the Red Line as the place where the injury occurred. A hearing and appeals examiner held an evidentiary hearing on the issue of jurisdiction and issued an order finding that the injury occurred in the District of Columbia, but that claimant was barred from receiving benefits under the Act, pursuant to D.C.Code § 36–303(a–1), because she had received benefits under Maryland law.

Claimant appealed to the Director of the District of Columbia Department of Employment Services and the Director reversed the order. In his decision, the

Director stated that neither WMATA nor its representative sent a copy of the EFRs to claimant or her attorney as required pursuant to COMAR § 14.09.01.04, Md. Regs.Code tit. 14 § 09.01.04 (1991); the Director also concluded that claimant never filed a claim with Maryland, as required by COMAR § 14.09.01.09, Md. Regs.Code tit. 14 § 09.01.09 (1991). The Director held that claimant's compensation claim was not barred under the Act and reversed the compensation order.

## II.

### A.

This case is one of a series of recent decisions addressing eligibility for workers' compensation in circumstances involving more than one state in the Metropolitan area.[1] Section 32–1503(a–1), D.C.Code § 32–1503(a–1) (2001) (formerly § 36–303(a–1)), is one of three exceptions to the general coverage provided by the District's Compensation Act. D.C.Code §§ 32–1501 through 32–1545 (2001) (formerly §§ 36–301 et seq.). It states: "No employee shall receive compensation under this chapter and at any time receive compensation under the workers' compensation law of any other state for the same injury or death." Construction of this provision is central to the outcome of this case.

The employer, relying heavily upon our decision in Springer v. District of Columbia Dep't of Employment Servs., 743 A.2d 1213 (D.C.1999), urges that claimant has already received benefits pursuant to Maryland's law and thus is barred from filing the present claim. This is so, it is argued, regardless of whether she had notice of an alternative path of compensation. Claimant responds that, although she received

some compensation, she was unaware of the employer's action with respect to the MWCC, and points out that the only claim she has filed was with DOES. The Director, in ruling in favor of claimant, identified the issue concisely: "... whether the receipt of compensation, not paid pursuant to the laws of another jurisdiction, bars a claim under [D.C.Code § 32–1503(a–1) ]."

### B.

Our role in reviewing an administrative decision is familiar. We defer to factual findings so long as there is substantial evidence to support them. Springer, supra, 743 A.2d at 1218. We generally do not disturb an administrative decision so long as it flows rationally from findings supported by substantial evidence. Washington Post Co. v. District Unemployment Comp. Bd., 377 A.2d 436, 439 (D.C.1977). Where an agency's decision is largely based upon interpretation of a statute or regulation, we defer if the decision is reasonable in light of the language of the statute (or rule), the legislative history, and judicial precedent. Lincoln Hockey, LLC v. District of Columbia Dep't of Employment Servs., 810 A.2d 862, 866 (D.C. 2002) (citation omitted). See Morrison v. District of Columbia Dep't of Employment Servs., 736 A.2d 223 (D.C.1999). We are mindful that the Director's decision in this case required an examination of Maryland law. Thus we are constrained to give greater scrutiny to the Director's decision.

In our view, there is no serious dispute as to the material facts surrounding this claim. Rather the parties differ, and join issue, with respect to the Director's final

---

1. See Washington Post v. District of Columbia Dep't of Empl. Servs., No. 02–AA–613, 825 A.2d 296 (D.C. May 29, 2003).

order concluding the statutory exception does not bar the claim.

## C.

The director expressly relied upon our decision in *Springer* as a guidepost in this case. That opinion discussed two separate claims by different claimants. Claimant Springer worked for a Maryland company, and was injured in an automobile collision in the course of his work in the District. He initially filed a claim for compensation with MWCC, and received temporary benefits. Later he filed a claim for the same injury with D.C. OWC. A second claimant, Strickland, worked for a New Jersey company and was injured while making a delivery in the District. He was told that he could receive temporary benefits voluntarily paid by his employer under New Jersey law. That is so.[2] Strickland accepted the payments, but later filed a claim for the same injury with D.C. OWC.

Both of these claims were rejected by DOES on the ground that they were prohibited by the statutory exception to coverage. In upholding the agency's application of the amended provision, we noted the elimination of an earlier requirement that a claimant have notice of the right to choose the jurisdiction in which to file a claim, if circumstances permitted a choice of forum. *See Russell v. Washington Metro. Area Transit Auth.,* H & AS No. 84–358 (May 23, 1989), *but see Rush v. Washington Metro. Area Transit Auth.,* H & AS No. 94–2 (August 23, 1995). We said:

The Director specifically cited and discussed *Russell* in her opinion, thus showing that she was aware of its existence and its value as precedent.[ ] She explicitly held that *Russell* had been overruled by the enactment of D.C.Code § 36–303(a–1), which amended the prior statute by adding the words "at any time." The decision demonstrates that the Director did not ignore past decisions, but chose to change the DOES interpretation of the statute in a manner entirely consistent with controlling case law.

*Id.* at 1222. In *Mendez v. District of Columbia Dep't. of Employment Servs.,* 819 A.2d 959 (D.C.2003), claimant filed a claim and received benefits in Maryland, and later sought compensation in the District for the same injury; DOES, following the *Rush* rationale, rejected the claim. We affirmed. *See also Adjei v. District of Columbia Dep't. of Employment Servs.,* 817 A.2d 179, 183–84 (D.C.2003).

Although claimant, in this instance, cashed two checks received from her employer, she was not given copies of any documents or reports filed with MWCC as required by statute.[3] The record does not reflect that employer communicated in any way that it deemed the claim to be under Maryland law. Nor does the record reveal that claimant ever filed a claim in Maryland.[4] We think this case is different from the circumstances surrounding the claimants in *Springer.* In one instance the claimant, as in *Mendez,* filed an application and received benefits pursuant to Maryland's law. The other claimant received

---

2. N.J. STAT. ANN. § 34:15–16 (1998).

3. Md. Regs.Code tit. 14 § 09.01.04 B(1) (1991) ("Except as otherwise provided in these regulations, every paper filed with the Commission by a party shall be served promptly on all other parties.").

4. MD. CODE ANN. § 9–709(a)(1) ("[I]f a covered employee suffers an accidental personal injury, the covered employee ... shall file with the Commission: (1) a claim application form."). *See also* MD. CODE ANN. § 9–709(b)(1) ("Unless excused ... failure to file a claim in accordance with subsection (a) of this section bars a claim under this title.").

voluntary payments from the employer and was advised that he was being compensated under the laws of New Jersey.

■ In the present case, there are at least two inherent weaknesses in the employer's position. Maryland prohibits the payment of compensation before a claim has been filed. *See* COMAR § 14.09.01.09.[5] WMATA therefore is not free to make voluntary payments of compensation benefits to a claimant in that state. It is true, as employer asserts, that claimant can no longer contend that she was without notice as to her choice of jurisdictions. *See Springer, supra,* 743 A.2d at 1213. However, claimant did not file a claim in Maryland and argues that she did not know that WMATA deemed her case to be under the purview of the MWCC when it filed the report of her accident as required by Maryland law.[6] It is apparent that an employer may not select a forum for a claim which is binding on the injured employee.

Returning to the question raised by the Director, we consider whether the receipt of compensation, without more, bars this claim in the District. To accept the contentions advanced by employer would weaken the balances existing in our statutory framework as well as those of our sister states. It raises the serious concern that a worker's right to choose a forum would be illusory. DOES has been consistent in rendering decisions on this issue. Considering the language of the statutes involved and the clear expression of legis-

lative purpose in the District, we conclude that the Director correctly decided the issue and that his construction of D.C.Code § 36–303(a–1) is reasonable. Accordingly, the order is

*Affirmed.*

---

5. Md. Regs.Code tit. 14 § 09.01.09 (1991) ("Before filing a claim with the Commission, an employer or insurer may not pay, in whole or in part, any compensation under Labor and Employment Article, Title 9, Annotated Code of Maryland, for disability ... of an employee."). We observe that the statute (*supra,* note 4) requires the employee to file a claim. *See DeBusk v. Johns Hopkins Hosp.,* 105 Md.App. 96, 658 A.2d 1147, 1150 (1995).

6. MD. CODE ANN. § 9–707(a) (2001) ("If an accidental personal injury causes disability for more than 3 days ... the employer shall report the accidental personal injury and disability to the Commission within 10 days of receiving oral or written notice of the disability....").