SODEXHO MARRIOTT
CORPORATION,
Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

and

Trevor Rasbury, Intervenor.

No. 03–AA–481.

District of Columbia Court of Appeals.

Argued Feb. 10, 2004.
Decided Sept. 9, 2004.

Sarah O. Rollman for petitioner.

Matthew Peffer for intervenor.

Robert J. Spagnoletti, Attorney General for the District of Columbia, and Edward E. Schwab, Acting Deputy Attorney General at the time the brief was filed, filed a statement in lieu of brief for respondent.*

Before WAGNER, Chief Judge, RUIZ, and REID, Associate Judges.

RUIZ, Associate Judge:

Sodexho Marriott Corporation petitions for review of a decision by the director of the D.C. Department of Employment Services (DOES), which affirmed a compensation order awarding workers' compensation benefits to Trevor Rasbury, after concluding that Ms. Rasbury's claim for additional wage loss benefits was not time-barred by the provision of the District of Columbia Workers' Compensation Act of 1979 (the Act) that limits the time to review and modify benefits in light of changed conditions. *See* D.C.Code § 32–1524(a) (2001). Sodexho contends that the director erred because the parties had signed a stipulation that operated as a final compensation order that triggered the statutory time limitation. Because substantial evidence of record supports the director's determination that the stipulation was not a complete and final settlement that would trigger the time limitation, we affirm.

## I.

### Background

On May 7, 1998, Trevor Rasbury fell and sustained an injury to her back while working for Sodexho. A dispute arose between the parties as to the scope of her employment and whether she was entitled to benefits for the injury. On April 8, 1999, both parties signed a stipulation in which the employer agreed to pay $1,110.64 for Ms. Rasbury's temporary total disability from May 7 through May 11, 1998, and from July 23 to August 6, 1998, as well as medical benefits in the amount of $1,805 for treatment rendered as a result of the injuries sustained in the 1998 accident. The DOES Office of Workers' Compensation approved the stipulation on May 13, 1999 and the agreed-upon amounts were paid in full.

Ms. Rasbury filed a new claim in 2001 for scheduled loss benefits for permanent partial disability resulting from her 1998 work-related injury. On March 23, 2001, an administrative law judge (ALJ) denied the claim because Ms. Rasbury's injury was not yet at maximum medical improvement. Ms. Rasbury later requested authorization for surgery, a decompressive laminectomy, and lumbar spine fusion, which was granted in a compensation order that was affirmed by the director. The employer did not appeal.

On June 20, 2002, Ms. Rasbury filed an application for a formal hearing claiming temporary total disability benefits from February 19, 2002 to the present and continuing, stemming from her back injury in 1998. Petitioner argued that Ms. Rasbury's claim was time-barred under the provisions of D.C.Code § 32–1524. After a full evidentiary hearing, ALJ Linda F. Jory issued a compensation order granting Ms. Rasbury's request. Specifically, the

---

* At the time the briefs were filed, Messrs. Spagnoletti and Schwab were called Corporation Counsel and Acting Deputy Corporation Counsel, respectively. Since that time, however, the Mayor of the District of Columbia has issued an executive order re-designating the Office of Corporation Counsel as the Office of the Attorney General for the District of Columbia. *See* Mayoral Order No.2004–92, 51 D.C.Reg. 6052 (May 26, 2004) (citing D.C.Code § 1–204.22(2) & (11) (2001)). We therefore employ the titles applicable at the time of this opinion's publication.

ALJ found that, contrary to Sodexho's assertion, Ms. Rasbury's claim did not request a modification of an existing award and as a result was not time-barred under the Act. On review, the director agreed that the claim was not time-barred because the stipulation signed by the parties did not constitute a full and final settlement of Ms. Rasbury's claims. Sodexho filed a timely petition for review with this court.

## II.

### Discussion

In its petition for review, Sodexho argues that the director's decision is not in accordance with the law because neither the Act nor existing case law requires a compensation order to be issued in order to trigger the time limitation on modifications under the Act. Specifically, Sodexho contends that, according to the plain language of the Act, the period for requesting modifications is triggered by the "date of the last payment of compensation" or the rejection of a claim and that, in this case, the period commenced when it paid the amounts agreed upon in the stipulation. D.C.Code § 32–1524(a).[1] Petitioner further contends that, even if a compensation order is required to trigger the limitation on seeking modifications, the stipulation reached by the parties in this case, which was approved by the Office of Workers' Compensation, was a "complete and final disposition" and therefore constitutes a "final binding compensation order" within the meaning of D.C.Code § 32–1508(8) (2001).[2] As a result, petitioner argues, because the June 20, 2002 claim for benefits filed by Ms. Rasbury was made more than one year after payment of benefits under the stipulation, the claim is time-barred by D.C.Code § 32–1524(a).[3]

We will affirm an agency decision unless it is "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law...." D.C.Code § 2–510(a)(3)(A) (2001). In a workers' compensation case, we defer to the determination of the director as long as (1) the

---

1. D.C.Code § 32–1524(a) provides:

   At any time prior to 1 year after the date of the last payment of compensation or at any time prior to 1 year after the rejection of a claim, provided, however, that in the case of a claim filed pursuant to § 32–1508(a)(3)(V) the time period shall be at any time prior to 3 years after the date of the last payment of compensation or at any time prior to 3 years after the rejection of a claim, the Mayor may, upon his own initiative or upon application of a party in interest, order a review of a compensation case pursuant to the procedures provided in § 32–1520 where there is reason to believe that a change of conditions has occurred which raises issues concerning:

   (1) The fact or the degree of disability or the amount of compensation payable pursuant thereto; or

   (2) The fact of eligibility or the amount of compensation payable pursuant to § 32–1509.

2. D.C.Code § 32–1508(8) provides:

   The Mayor may approve lump-sum settlements agreed to in writing by the interested parties, discharging the liability of the employer for compensation, notwithstanding §§ 32–1516 and 32–1517, in any case where the Mayor determines that it is in the best interest of an injured employee entitled to compensation or individuals entitled to benefits pursuant to § 32–1509. The Mayor shall approve the settlement, where both parties are represented by legal counsel who are eligible to receive attorney fees pursuant to § 32–1530. These settlements shall be the complete and final dispositions of a case and shall be a final binding compensation order.

3. The statute provides a one-year period for modifying awards of scheduled injuries and a three-year period for non-scheduled injuries. Ms. Rasbury's back injury led to a claim for loss of her lower left extremity, a scheduled injury. *See* D.C.Code § 32–1508(3)(S); D.C.Code § 32–1501(14A) (2001).

director's decision states findings of fact on each material, contested, factual issue; (2) those findings are based on substantial evidence in the record; and (3) the conclusions of law flow rationally from the facts. *See The Washington Times v. District of Columbia Dep't of Employment Servs.,* 724 A.2d 1212, 1216 (D.C.1999) (citation omitted). This deference extends to matters of statutory interpretation, yielding only where the director's reasoning is unreasonable in light of the language of the statute, the legislative history, or judicial precedent. *See Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Employment Servs.,* 825 A.2d 292, 294 (D.C.2003).

■ In interpreting the statute, the director acknowledged that § 32–1524(a) does not expressly state that only benefits that are mandated by a compensation order are subject to the time limitation of the modification provision, but agreed with the ALJ's conclusion that the language of § 32–1524(c) implies that before a modification may be awarded, an initial compensation order must have already been issued. *See* D.C.Code § 32–1524(c) ("[u]pon the completion of a review conducted pursuant to subsection (a) of this section, the Mayor shall issue a *new compensation order* which may terminate, continue, reinstate, increase, or decrease such compensation previously paid, or award compensation.") (emphasis added). The director's interpretation of the statute as requiring an existing compensation order before a modification may be requested and granted under subsection (a) gave meaning to the phrase "new compensation order" in subsection (c). *See* D.C.Code § 32–1524(a) & (c); *Short v. District of Columbia Dep't of Employment Servs.,* 723 A.2d 845, 850 (D.C.1998). We defer to the director's reasonable interpretation of § 32–1524(a) in light of subsection (c),

which is "just in light of the language of the statute." *Washington Metro. Area Transit Auth.,* 825 A.2d at 294.

■ Petitioner contends, however, that even if § 32–1524(a) requires the prior issuance of a compensation order before the time limitation for modifications is triggered, the stipulation signed by the parties in this case constitutes such an order because, once a settlement is approved by the Office of Workers' Compensation, the settlement becomes "a final binding compensation order" within the meaning of § 32–1508(8). The director disagreed, noting that a "compensation order" is defined as "an order of a Hearing or Attorney Examiner of the Office which rejects a claim or which makes an award of compensation in respect of a claim under the Act." 7 DCMR § 299.1 (1986). Citing a prior administrative decision, *Brown v. Blake Const. Co.,* Dir. Dkt. No. 95–74, 1998 D.C. Wrk. Comp. LEXIS 480, *2 (July 6, 1998), the director reasoned that the stipulation memorializing the employer's payment of disability benefits to the employee was not an "order of a Hearing or Attorney Examiner" but "merely a representation of a voluntary payment to be made by Employer and was neither an award of benefits, a rejection of a claim, or a Compensation Order."

Although § 32–1508(8) provides that "lump-sum settlements" which "discharge the liability of the employer for compensation" constitute a "final binding compensation order" once approved by the agency, the stipulation approved in this case is by its terms a partial settlement of the employee's disability, during two discrete periods of time, resulting from the 1998 injury. The director found that the stipulation entered into by the parties was not a "complete and final disposition" that would be considered an order under D.C.Code § 32–1508(8) because the plain language of

the stipulation acknowledges the possibility of future claims and the employee's right to receive workers' compensation benefits arising from the same injury. Specifically, the sixth paragraph of the stipulation provides that, "nothing herein is intended to, or shall be construed in any way, as to limit the claimant's right to receive future workers' compensation benefits arising from this claim not covered by expressed terms of this stipulation." In addition, the stipulation provides in paragraph nine that, "[t]he parties agree that this stipulation is being made without prejudice related to the Claimant's rights to receive further medical treatment related to this injury pursuant to § 36–307 of the Act at the expense of the Employer and Insurer." *See* D.C.Code § 36–307 (1997), *recodified at* D.C.Code § 32–1507 (2001). The language of the stipulation provides substantial evidence for the director's finding that it was a partial voluntary payment that did not "discharge" the employer's liability with respect to that injury, as required to be considered a compensation order under D.C.Code § 32–1508(8). The director's determination is consistent with previous administrative decisions where the director has found that agreements are not "complete and final" settlements for purposes of § 32–1508(8) if the language of the agreement leaves open the possibility of additional benefits where there is a change in the claimant's condition, and that stipulations are not compensation orders if they merely represent voluntary agreements approved by the Office of Workers' Compensation. *See Kalbak v. Washington Hosp. Ctr.,* Dir. Dkt. No. 99–50, 2001 D.C. Wrk. Comp. LEXIS 321, *

3–4 (Nov. 30, 2001); *see also Brown,* 1998 D.C. Wrk. Comp. LEXIS at * 3.

Here, the employer's obligation to pay benefits arose not from a compensation order, but from the presumption established by the Act that "[c]ompensation ... shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer." D.C.Code § 32–1515(a) (2001). These so-called "voluntary payments" are subject to monitoring by the Office of Workers' Compensation "to ensure that the amount paid is proper." 7 DCMR § 209.9. Approval by the Office of voluntary payments is consistent with that responsibility, and does not convert every such payment into a compensation order, unless it is a complete and final settlement and in other respects meets the requirements of D.C.Code § 32–1508(8). See *supra* note 2.

We also reject petitioner's argument that the stipulation should not be considered a voluntary agreement because under § 32–1515(f) non-payment of compensation would subject the employer to penalties.[4] This is a circular argument as it presupposes that the stipulation constitutes an award or compensation order under § 32–1508(8) simply because it was approved by the Office of Workers' Compensation—a contention we have herein rejected. Because the stipulation signed by the parties was not a full and final settlement, and, therefore, not an award or order pursuant to § 32–1508(8), the penalties prescribed in § 32–1515(f) do not apply. Instead, the ten percent penalty provision of § 32–1515(e) applicable to "voluntary payments"

---

**4.** D.C.Code § 32–1515(f) states in pertinent part that "[i]f any compensation, payable under the terms of an *award,* is not paid within 10 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20% thereof, which shall be paid at the same time as, but in addition to, such compensation ...." D.C.Code § 32–1515(f) (emphasis added).

*i.e.,* compensation payable without an award, is relevant in this case.

Because the director's interpretation of D.C.Code § 32–1524(a) and (c) as requiring a pre-existing "compensation order" is reasonable, and his determination that the stipulation in this case did not constitute such an order under D.C.Code § 32–1508(8) is supported by substantial evidence, we uphold the director's decision that Ms. Rasbury's claim was not time-barred. Accordingly, the order is hereby

*Affirmed.*