**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

and

**Kelly Millhouse, Intervenor.**

No. 07–AA–888.

District of Columbia Court of Appeals.

Argued Dec. 18, 2008.

Decided Oct. 1, 2009.

Sarah O. Rollman, with whom Carol B. O'Keeffe and Mark F. Sullivan, were on the brief, for petitioner.

Peter J. Nickles, Interim Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and Pastell Vann, Senior Assistant Attorney General, filed a statement in lieu of a brief, for respondent.

Eric M. May, Washington, DC, for intervenor.

Before RUIZ, FISHER and BLACKBURNE–RIGSBY, Associate Judges.

Ruiz, Associate Judge:

Petitioner seeks reversal of a decision of the Compensation Review Board (CRB) of the D.C. Department of Employment Services (DOES) which affirmed the Compensation Order of Administrative Law Judge (ALJ) Terri Thompson Mallett awarding temporary total disability benefits to intervenor, Kelly Millhouse. We agree with the CRB's interpretation that the workers' compensation statute's one-year limitation on requests for modification did not bar claimant's timely filed new claim even if benefits had previously been awarded with respect to the same work-related accident, but for a different injury. We therefore affirm the decision of the CRB.

## I. Statement of Facts

On July 14, 1993, Ms. Millhouse injured her back while taking part in a physical agility test, a test necessary for her to be considered for a promotion to the position of revenue attendant with her employer, petitioner Washington Metropolitan Area Transit Authority (WMATA). *Millhouse v. WMATA (Millhouse I)*, No. 95–348, slip

op. at 3 (Hearings & Adjudications Section, Dec. 1, 1995), *available at* 1995 DC Wrk. Comp. LEXIS 45. Ms. Millhouse was unable to work from July 29, 1995, through September 10, 1995, during which time she underwent surgery to correct the herniation of three of her lumbar discs. *See id.* The ALJ determined that this injury occurred in the course of her employment with WMATA, and she was awarded medical expenses as well as temporary total disability benefits until she returned to work. *See id.* at 7.

Since then, Ms. Millhouse has filed two applications for formal hearings. The first, on or about February 9, 1996, was resolved by the parties without a hearing. *Millhouse v. WMATA (Millhouse II)*, No. 95–348B, slip op. at 2 (Administrative Hearings Division, Aug. 16, 2006), *available at* 2006 DC Wrk. Comp. LEXIS 292. Ten years later, on April 10, 2006, she filed a claim for a new injury she said was caused by her accident at work on July 14, 1993.[1] *Id.* Ms. Millhouse was again awarded temporary total disability benefits, from March 9, 2006, to the present and continuing, in a compensation order, *see Millhouse II,* slip op. at 2, 6, which the CRB affirmed. *See Millhouse v. WMATA (Millhouse III)*, No. 06–085, slip op. at 7 (Compensation Review Board July 20, 2007), *available at* 2007 DC Wrk. Comp. LEXIS 293, 2007 WL 2350166.

Petitioner does not contest that claimant's current disability was caused by the 1993 work injury. The sole issue before the CRB, and the one now before us, is whether, under the District of Columbia Workers' Compensation Act of 1979, D.C.Code § 32–1501(2001) ("the Act"), a claimant may initiate a new claim for disability benefits for a new injury that arises

from a work-related accident for which a claim had previously been filed, or whether a claimant is restricted to filing a claim for modification pursuant to D.C.Code § 32–1524 (2001), *formerly* D.C.Code § 36–324 (1981), which imposes a one-year limitation from either the date of the last payment of compensation or the rejection of a claim. We agree with the CRB that where a claimant files a new claim, he or she is not subject to the one-year limitation on requests for modification. Rather, pursuant to D.C.Code § 32–1514 (2001), *formerly* D.C.Code § 36–314 (1981), a claimant may file a new claim so long as that claim is not barred by the doctrine of *res judicata* and otherwise complies with the timeliness requirements set forth in that section.

## II. Analysis

■ This court must affirm an agency's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C.Code § 2–510(a)(3)(A) (2001). "We ... defer to an agency's interpretation of a statute ... it is charged with implementing if it is reasonable in light of the language of the statute ..., the legislative history, and judicial precedent." *Travelers Indemnity Co. of Ill. v. D.C. Dep't of Employment Servs.*, 975 A.2d 823, 826 (D.C.2009) (citing *WMATA v. D.C. Dep't of Employment Servs.*, 825 A.2d 292, 294 (D.C.2003)). The legislative history makes clear that "the workers' compensation statutes should be liberally construed to achieve their humanitarian purpose." *Vieira v. D.C. Dep't of Employment Servs.*, 721 A.2d 579, 584 (D.C.1998).

■ In affirming the ALJ's Compensation Order, the CRB concluded that "be-

---

1. The ALJ described claimant's new injury as a "worsening" of her prior symptoms. *See*
*Millhouse II,* slip op. at 2.

cause [claimant did] not seek modification of the prior award ... [the one-year limitation in section 32–1524] does not apply." *Millhouse III,* slip op. at 4, 2007 WL 2350166, at *3. As the CRB clarified in a subsequent decision, "the Act creates a specific procedure to revisit issues previously decided by a compensation order," and affirmed an ALJ's award of benefits to a claimant who had "developed a new symptom ... causally related to his work injury and [had] ma[de] a new claim for medical treatment to address a new disabling condition that was not 'previously decided.'" *Hartgrove v. Aramark Corp.,* No. 09–015, slip op. at 9–10 (Compensation Review Board January 26, 2009), *available at* 2009 DC Wrk. Comp. LEXIS 6, 2009 WL 345797 at *3. Specifically, the CRB was "of the opinion that Petitioner's request for medical treatment in the instant matter constitutes a new claim and thus is not a request to modify the prior Compensation Order." *Id.*

WMATA argues that the CRB's interpretation is wrong, and that our decision in *Short v. D.C. Dep't of Employment Servs.,* 723 A.2d 845 (D.C.1998), and subsequent cases require application of the one-year limitation for modifications of awards set out in D.C.Code § 32–1524 to any further claim for disability benefits following an accident at work where a compensation claim has already been made and adjudicated. WMATA's position, in other words, is that section 32–1524 provides "the sole remedy where an employee seeks reinstatement of the same type of benefits previously awarded due to a new period of disability."

Section 32–1524, provides:

(a) At any time prior to 1 year after the date of the last payment of compensation or at any time prior to 1 year after the rejection of a claim, provided, however, that in the case of a claim filed pursuant to § 32–1508(3)(V) [for schedule awards] the time period shall be at any time prior to 3 years after the date of the last payment of compensation or at any time prior to 3 years after the rejection of a claim, the Mayor may, upon his own initiative or upon application of a party in interest, order a review of a compensation case pursuant to the procedures provided in § 32–1520 where there is reason to believe that a change in conditions has occurred which raises issues concerning:

(1) The fact or the degree of disability or the amount of compensation payable pursuant thereto; or

(2) The fact of eligibility or the amount of compensation payable pursuant to § 32–1509.

(b) A review ordered pursuant to subsection (a) of this section shall be limited solely to new evidence which directly addresses the alleged change of conditions.

(c) Upon the completion of a review conducted pursuant to subsection (a) of this section, the Mayor shall issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation previously paid, or award compensation....

(d) A compensation order issued pursuant to subsection (c) of this section shall be reviewable pursuant to § 32–1522.

D.C.Code § 32–1524.

■ We reject WMATA's contention as an unduly narrow reading of section 32–1524. Its interpretation essentially reads section 32–1524 as a time cap on workers' claims for benefits. But, as our cases make clear, section 32–1524 was not intended as a restrictive provision. Rather, consistent with the Act's humanitarian purpose, that section creates an exception to principles of claim and issue preclusion

and provides a procedure that enables claimants to revisit compensation awards. *See White v. D.C. Dep't of Employment Servs.*, 793 A.2d 1255, 1259 (D.C.2002) ("[Section 32–1524] sets forth 'a specific procedure to revisit issues previously decided by a compensation order,' which would enable [the claimant] to seek relief from the hearing examiner's determination should the physical ailments associated with his back injury recur." (footnote omitted) (quoting *Short*, 723 A.2d at 850)).

Moreover, WMATA's argument is inconsistent with the CRB's reasonable interpretation of the statute, to which we owe deference, and is not supported by the legislative history of the Act. Instead, we hold that pursuant to section 32–1514, claimant had one-year, following the time she first became aware, or should have become aware, of her injury, to file a new claim for compensation benefits.[2]

 Our analysis begins with the cases that have addressed the modification provision, section 32–1524. In *Short*, we considered whether a request for modification pursuant to this section was subject to the doctrine of *res judicata*. 723 A.2d at 847. That doctrine precludes the relitigation, between the same parties, of a claim that has ... [the relitigation, between the same parties, of a claim that has] previous-

ly been finally adjudicated on the merits. *See Walden v. D.C. Dep't of Employment Servs.*, 759 A.2d 186, 189 (D.C.2000). *Res judicata* is applicable to an administrative proceeding when an agency is acting in a judicial capacity "resolving disputed issues of fact properly before it which the parties have [had] an adequate opportunity to litigate." *Id.* at 189.

 In *Short*, the claimant was injured and awarded compensation benefits for a definite period of time shortly after his injury. Subsequently, and within one-year of receiving his last benefit payment, the claimant suffered a worsening of his condition that rendered him unable to continue working. *Short*, 723 A.2d at 848. Though his employer argued that any modification of the original compensation order was barred by the doctrine of *res judicata*, we held that the doctrine did not apply to requests for modification pursuant to section 32–1524.[3] *See id.* at 848, 850. Thus, "when a claimant injures himself, returns to work, but the original injury worsens (e.g., new symptoms manifest themselves), causing him to be unable to work again, the claimant may avail himself of a review procedure to modify the compensation order and seek additional benefits." *Id.* at 850.

2. Section 32–1514 provides, in relevant part:

Except as otherwise provided in this section, the right to compensation for disability or death under this chapter shall be barred unless a claim therefor is filed within 1 year after the injury or death. If payment of compensation has been made without an award on account of such injury or death, a claim may be filed within 1 year after the date of the last payment. Such claim shall be filed with the Mayor. The time for filing a claim shall not begin to run until the employee or beneficiary is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury or death and the employ-

ment. Once a claim has been filed with the Mayor, no further written claims are necessary.

D.C.Code § 32–1514(a).

3. In *Short* we also considered whether the related doctrine of collateral estoppel applied. *See id.* at 849–50. The doctrine of collateral estoppel precludes a party from relitigating issues of law or fact that have been decided and were essential in an earlier proceeding involving the same party. *See Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 473 (D.C. 1983). We held that, like the doctrine of *res judicata*, collateral estoppel does not apply to bar modification requests made pursuant to section 32–1524. *See Short*, 723 A.2d at 850.

Similarly, in *WMATA v. D.C. Dep't of Employment Servs.*, a claimant suffered a work-related injury and was awarded temporary disability benefits. *See* 770 A.2d 965, 967 (D.C.2001). Initially, the claimant was denied benefits for a related psychological injury, but thereafter sought a modification of his prior award, "present[ing] material new evidence of a change in his condition." *Id.* at 967. We reaffirmed our decision in *Short*, noting that "[section 32–1524] sets forth 'a specific procedure to revisit issues previously decided by a compensation order,'" and held that the doctrine of *res judicata* did not bar claimant's request for modification.[4] *Id.* at 969–70 (quoting *Short*, 723 A.2d at 850).

The only other case to consider a subsequent claim following the same accident at work, and the one we find most instructive, is *Capitol Hill Hosp. v. D.C. Dep't of Employment Servs.*, 726 A.2d 682 (D.C.1999). There, after the claimant had suffered an injury and been awarded temporary total disability benefits, it was determined that the injury resulted in a permanent ten percent physical impairment, and the claimant sought compensation for the resulting loss. *See id.* at 683. Though her employer argued that the claimant's request was barred by section 32–1524 because the one-year period for requesting a modification had lapsed, we held that she was not barred from filing a new claim, adopting DOES's interpretation that "[section 32–1524] is designed for the review of a specific compensation award covering an issue 'previously decided' by that order, and is not addressed to new issues that were not decided in the prior compensation award." *Id.* at 685.

This interpretation was "reasonable," we held, because the statute's language refers to a "review" of a compensation order. *Id.* (citing D.C.Code § 32–1524). Petitioner argues, however, that section 32–1524's reference to the Mayor's ability to "issue a new compensation order which may . . . reinstate . . . such compensation previously paid, or award compensation," necessarily includes all claims for benefits resulting from an accident at work for which a claim had previously been filed. D.C.Code § 32–1524. We think that argument goes too far. The fact that the statute permits "reinstatement" of compensation previously paid accounts for the possibility that a claimant may subsequently seek benefits for the worsening or recurrence of an injury for which benefits have been paid and discontinued. And, section 32–1524's reference to an "award [of] compensation" accounts for the possibility that a claimant may seek to modify the denial of a claim that becomes warranted by a subsequent "change in conditions." D.C.Code § 32–1524; *see Cherrydale Heating & Air Conditioning v. D.C. Dep't of Employment Servs.*, 722 A.2d 31, 34 (D.C.1998) (noting the distinction between a "deterioration" and a mere "flare-up," the former, we said, amounted to a "change of condition"); *cf.*

4. Because the claimant in *WMATA,* as here, had suffered from a new condition and we affirmed an Order granting the claimant's request for a modification, petitioner argues that *WMATA* stands for the proposition that a modification was the claimant's only recourse. However, *WMATA* held only that a request for modification, so long as it meets the prerequisites of section 32–1524, is not subject to the doctrine of *res judicata. See* 770 A.2d at 969 ("[T]he issue to be confronted is simply whether [the claimant] did in fact present a meritorious case for modification of the First Compensation Order in accordance with the requirements of [section 32–1524.]"). *WMATA* did not reach the different question presented in this case, whether a request for modification is the *sole* avenue for relief available to a claimant who develops new or aggravated injuries caused by a covered work accident with respect to which a claim for compensation has already been adjudicated, but for a different injury.

*WMATA*, 770 A.2d at 970 (noting the "subsequent emergence of a work-related disability").

█ The CRB's interpretation is not only consistent with the language of the statute, but is also supported by the Act's legislative history, which does not suggest that section 32–1524 was intended as a restrictive provision rather than an enabling one:

> This section [32–1524] sets forth the procedure by which an award may be modified anytime one-year prior to the date of last payment or prior to one-year after rejection of the claim. The procedure may be instituted by the Mayor or by an interested party. This section allows for modification of awards because of a change in condition.

COMMITTEE ON PUBLIC SERVICES AND CONSUMER AFFAIRS, REPORT ON THE DISTRICT OF COLUMBIA WORKERS' COMPENSATION ACT OF 1979, 3–77, at 19 (D.C. 1980) [Hereinafter "COMMITTEE REPORT"]. The policy of interpreting the Act liberally is to effect its "humanitarian purpose," *see Vieira*, 721 A.2d at 584, to balance the replacement of wages lost by a disabled worker against the desire to incur the least social cost. *See* COMMITTEE REPORT, *supra*, at 5–6. We are persuaded that the legislative history supports the agency's interpretation that section 32–1524 was not intended as the limitation on benefits petitioner proposes, but as a procedure that enables claimants to revisit compensation awards that do not adequately compensate a claim that has already been adjudicated. *Cf. Intercounty Const. Corp. v. Walter*, 422 U.S. 1, 11, 95 S.Ct. 2016, 44 L.Ed.2d 643 (1975) (rejecting interpretation in light of legislative history, that one-year limitation in analogous modification provision of Longshoreman's and Harbor Workers' Compensation Act[5] imposed an additional limitation on claim that was timely filed but not yet decided);[6] *Id.* at 12, 95 S.Ct. 2016 ("What-

---

5. The D.C. Workers' Compensation statute is derived from the Longshoreman's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 (2001). Thus, we have held that "cases interpreting [the LHWCA] are relevant and provide persuasive authority in interpreting [the Act]." *Dunston v. D.C. Dep't of Employment Servs.*, 509 A.2d 109, 111 n. 2 (D.C. 1986). Title 33, section 922, of the United States Code, is the analogous modification provision of the LHWCA, and provides:

> Upon his own initiative, or upon the application of any party in interest ..., on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, *at any time prior to one-year after the date of the last payment of compensation*, whether or not a compensation order has been issued, or *at any time prior to one-year after the rejection of a claim*, review a compensation case ... in accordance with the procedure prescribed in respect of claims in section 19 [33 U.S.C. § 919 (2001)], and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner with the approval of the Secretary. This section does not authorize the modification of settlements.

> 33 U.S.C. § 922 (2006) (emphasis added).

6. The Supreme Court framed the issue as "whether § 22 of the [LHWCA, i.e., the modification provision analogous to section 32–1524] bars consideration of a claim timely filed under [the LHWCA statute of limitations analogous to section 32–1514]." *Intercounty Const. Corp.*, 422 U.S. at 3, 95 S.Ct. 2016.

ever the merits of a fixed period of resolution of pending compensation claims not previously the subject of an order, Congress did not in [section 922, the modification provision] establish such a period."); *Banks v. Chicago Grain Trimmers Ass'n,* 390 U.S. 459, 465, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968) ("It is irrelevant for purposes of [section 922] that the petitioner labeled her second action a claim for compensation rather than an application for review so long as the action in fact comes within the scope of the section."); *Bethenergy Mines, Inc. v. Henderson,* 4 Fed.Appx. 181 (4th Cir.2001) ("In modification cases, the paramount interest [of the modification provision of the LHWCA] is in ensuring that eligible claimants receive benefits and that ineligible claimants do not, and when that interest clashes with an interest in finality, the latter must yield.").

What petitioner proposes is that we adopt a narrow construction of section 32–1524 that is not only contrary to the agency's reasonable interpretation, but is also at odds with the Act's humanitarian purpose, the legislative history of the Act, and cases that have considered this section of the Act as well as an analogous provision of its predecessor, the LHWCA. We adopt the CRB's interpretation which, in our view, is "reasonable in light of the language of the statute . . ., the legislative history, and judicial precedent." *Travelers Indemnity,* 975 A.2d at 829.

\* \* \*

We affirm the decision of the CRB and hold that claimant was not limited by the one-year limitation of section 32–1524 from filing a new claim seeking disability benefits for an injury resulting from an accident at work for which prior benefits had been awarded.[7]

*So ordered.*

---

7. It was not argued, and we need not decide, whether claimant would be barred by the doctrine of *res judicata* or collateral estoppel from filing a new claim under section 32–1514. Such an argument would be successful only if claimant was aware or on notice of her subsequent injury at the time she filed her original claim for compensation benefits. *See Wash. Med. Ctr., Inc. v. Holle,* 573 A.2d 1269, 1280–81 (D.C.1990) ("Under the doctrine of claim preclusion or *res judicata,* when a valid final judgment has been entered on the merits, the parties or those in privity with them are barred, in a subsequent proceeding, from relitigating the same claim or any claim *that might have been raised* in the first proceeding." (emphasis added)).